UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 21-809 JGB (SHKx)** | Date | June 25, 2021 |
| Title | *Vincente Cruz v. Mercedes-Benz USA, LLC* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) DENYING Plaintiff's Motion for Remand (Dkt. No. 9); and (2) VACATING the June 28, 2021 Hearing (IN CHAMBERS)**

Before the Court is Motion for Remand filed by Plaintiff Vincente Cruz ("Plaintiff"). ("Motion," Dkt. No. 9.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **DENIES** the Motion. The Court vacates the hearing set for June 28, 2021.

## I.    BACKGROUND

On February 17, 2021, Plaintiff filed his Complaint in the Superior Court of the State of California for the County of San Bernardino against Defendant Mercedes-Benz USA, LLC ("Defendant"). ("Complaint," Dkt. No. 1-1.) The Complaint claims that Defendant leased Plaintiff a defective car (Complaint ¶¶ 4-12) and alleges two causes of action: (1) Breach of Implied Warranty of Merchantability under the Song-Beverly Warranty Act ("the Act"); and (2) Breach of Express Warranty under the Act. (See generally id.)

On May 6, 2021, Defendant removed the action to federal court. (Dkt. No. 1.) Plaintiff filed the Motion on May 26, 2021. Defendant opposed the Motion on June 7, 2021, and filed a

Request for Judicial Notice in support. ("Opposition," Dkt. No. 12; "RJN," Dkt. No. 13.)[1] Plaintiff replied in support of the Motion on June 10, 2021. ("Reply," Dkt. No. 14.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

The right to remove is not absolute, even where original jurisdiction exists. A defendant may not remove on diversity jurisdiction grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b)(2). And a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

## III. DISCUSSION

Plaintiff moves for remand on the assertion that the amount in controversy is less than $75,000.[2] (Motion at 4.) Plaintiff seeks in damages "restitution of the amount actually paid or payable under the [lease] contract [between Plaintiff and Defendant]." (Complaint ¶ 32.)

---

[1] "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). An adjudicative fact may be judicially noticed if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Because Defendant requests judicial notice of public documents, and because Plaintiff does not oppose, the Court GRANTS the RJN and takes notice of the documents attached.

[2] Plaintiff does not dispute that the parties are diverse.

Defendant demonstrates that this amount is $52,459.31. (Dkt. No. 12-3.) Plaintiff additionally seeks an award of civil penalties of up to twice his damages. (Complaint ¶ 31.) The Act authorizes recovery of each of these amounts. Taken together, these two damage claims, if successful, would net Plaintiff in excess of $75,000.

Plaintiff's arguments to the contrary are not convincing. Plaintiff's contention that this amount is "speculative" is meritless. (Motion at 5). "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007). Furthermore, Plaintiff is incorrect that Defendant has not sufficiently demonstrated the amount in controversy because Defendant has not shown how many miles Plaintiff drove before Plaintiff's car broke down. (Motion at 5.) That information is in Plaintiff's control; Plaintiff's assertion on the face of the Complaint that he is entitled to recover the entire value of his lease leads to a reasonable inference on the part of Defendant that Plaintiff did not drive any miles before the car broke down. And because Plaintiff's damages demanded exceed $75,000, the Court need not determine whether attorneys' fees are properly included in calculation of the amount in controversy.

This Court therefore retains jurisdiction, and remand is improper.

### IV.    CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's Motion. The June 28, 2021 hearing is VACATED.

**IT IS SO ORDERED.**